**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 13-4202**

─────────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

WILLIAM DAVID WILSON, a/k/a Pudgie,

                    Defendant - Appellant.

─────────────

**No. 13-4306**

─────────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

WILLIAM DAVID WILSON, a/k/a Pudgie,

                    Defendant - Appellant.

─────────────

Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge. (3:94-cr-00065-BO-12)

─────────────

Submitted:  December 12, 2013      Decided:  December 18, 2013

─────────────

Before MOTZ, KING, and SHEDD, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

---

Mary Jude Darrow, LAW OFFICE OF MARY JUDE DARROW, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, William David Wilson appeals the amended judgment of conviction entered after resentencing, and the order denying his motion to correct the sentence. Wilson's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal but adopting Wilson's arguments that he raises in his pro se supplemental brief. The Government did not file a brief. We affirm.

After granting Wilson's 28 U.S.C. § 2255 (2012) motion and ordering resentencing based on a favorable adjustment to Wilson's criminal history category, the district court sentenced Wilson to 210 months' imprisonment for his conviction for conspiracy to possess with intent to distribute in excess of twenty-five kilograms of crack cocaine and a consecutive 60 month sentence for his conviction for using and carrying a firearm during and in relation to a drug trafficking crime. Wilson was also resentenced to five years' supervised release for the drug conspiracy conviction and three years' supervised release for the firearm conviction, to run concurrently. The resulting sentence was ninety months lower than the original sentence and below the recalculated Guidelines sentence.

Wilson contends that his sentence is unlawful because it is based upon a drug quantity not found by the jury beyond a

reasonable doubt. Wilson claims that at trial the jury was not asked to determine the amount of crack cocaine that was reasonably foreseeable to him as part of the drug conspiracy. He further claims that he was susceptible to sentencing under 21 U.S.C. § 841(b)(1)(A) (2012), with a ten year minimum sentence and a maximum sentence of life. He contends he should have been sentenced pursuant to § 841(b)(1)(C), with a maximum sentence of twenty years' imprisonment.

Wilson did not raise these issues at sentencing or at resentencing. Thus, review is for plain error. See Fed. R. Crim. P. 52(b); Olano v. United States, 507 U.S. 725, 731-32 (1993); United States v. Mackins, 315 F.3d 399, 405-06 (4th Cir. 2003). Wilson must show that an error occurred, that the error was plain, and that the error affected his substantial rights. Even if Wilson were to satisfy these requirements, we will not exercise our discretion to address the errors unless the errors substantially affect the fairness, integrity or public reputation of the proceedings. Olano, 507 U.S. at 732.

Because Wilson's sentence of 210 months' imprisonment for the drug conspiracy is below the statutory maximum sentence of twenty years authorized by 21 U.S.C. § 841(b)(1)(C) there is no error. United States v. Angle, 254 F.3d 514, 518 (4th Cir. 2001).

4

Wilson also contends that the district court erred finding that he was responsible for 11.7 kilograms of crack cocaine. However, as the district court noted, this issue was resolved when Wilson filed his 18 U.S.C. § 3582(c) (2012) motion seeking a sentence reduction based on amendments to the Sentencing Guidelines. The court found that at sentencing Wilson was held responsible for 11.7 kilograms of crack cocaine and was not eligible for a reduction to the Guidelines sentence. This court affirmed. United States v. Wilson, No. 09-8087, 2010 WL 1784732, *1 (4th Cir. May 5, 2010) (unpublished). Because the issue was previously decided by the district court and affirmed by this court, the finding that Wilson was responsible for 11.7 kilograms of crack cocaine is the law of the case. Therefore, the finding governs the same issue in subsequent stages of the same case. United States v. Aramony, 166 F.3d 655, 661 (4th Cir. 1999). Accordingly, the district court did not err in not considering arguments that Wilson was responsible for a lesser quantity of crack cocaine.

Wilson also contends that the indictment was constructively amended based on the allegation that the jury was instructed that it should find whether or not Wilson violated the law with respect to possession of cocaine instead of cocaine base. Because Wilson did not raise this issue on direct appeal, when his convictions were affirmed, or at resentencing,

5

consideration of this issue at this juncture of the proceedings is foreclosed. United States v. Bell, 5 F.3d 64, 66-67 (4th Cir. 1993).

Wilson also argues that under Apprendi v. New Jersey, 530 U.S. 466 (2000), he should have only received three years of supervised release instead of five for the drug conspiracy conviction. Under 21 U.S.C. § 841(b)(1)(A), a defendant may receive "at least 5 years" of supervised release. Under § 841(b)(1)(C), the default sentencing provision if there is no drug quantity found by the jury, a defendant may receive "at least 3 years" of supervised release. Wilson argues that because he should have been sentenced under § 841(b)(1)(C), he should only receive three years of supervised release instead of five. Wilson did not raise this issue at sentencing either and review is for plain error.

After considering this claim in light of the Supreme Court's opinion in Alleyne v. United States, 133 S. Ct. 2151 (2013) (holding that any fact that increases the statutory mandatory minimum is an element of the offense and must be submitted to jury and found beyond a reasonable doubt), we conclude that while there may be plain error that affected Wilson's substantial rights, we decline to notice the error because it did not affect the fairness, integrity or public reputation of the proceedings. Olano, 507 U.S. at 732. We note

6

that the overwhelming evidence supports the finding that it was reasonably foreseeable to Wilson that it was within the scope of the conspiracy agreement to distribute at least 280 grams of crack cocaine. See United States v. Cotton, 535 U.S. 625, 632-33 (2002). We further note that the five year period of supervised release was not greater than permitted by § 841(b)(1)(C). See United States v. Pratt, 239 F.3d 640, 647-48 (4th Cir. 2001).

The district court's 210 month sentence is reviewed for reasonableness pursuant to an abuse of discretion standard. United States v. Diosdado-Star, 630 F.3d 359, 365 (4th Cir. 2011); see also Gall v. United States, 552 U.S. 38, 51 (2007); Rita v. United States, 551 U.S. 338, 350 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Id.; see United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). We must first decide whether the district court correctly calculated the defendant's advisory Guidelines range, considered the § 3553(a) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 575-76; see United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009).

We have reviewed the resentencing and find no procedural or substantive error. Accordingly, we affirm the sentence.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the amended judgment of conviction and the order denying the motion to correct the sentence. This court requires that counsel inform Wilson, in writing, of the right to petition the Supreme Court of the United States for further review. If Wilson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Wilson. We deny Wilson's motion to proceed pro se. Because we permit a pro se litigant to file a pro se supplemental brief in a case under <u>Anders</u>, we deny as moot Wilson's motion to file a pro se brief. We also deny his motion to strike counsel's <u>Anders</u> brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>